■ SOUTHWESTERN SHIPPING CORPORATION, Appellant, v. NATIONAL CITY BANK OF NEW YORK, Respondent. — Judgment and order unanimously affirmed, with costs to the respondent. No opinion. Concur — Breitel, J. P., Rabin, M. M. Frank, Valente and Stevens, JJ. [11 Misc 2d 397.]

■ SYLVIA CARLO, an Infant, by Her Guardian ad Litem, MOSES CARLO, et al., Respondents, v. RIVERDALE ICE SKATING RINK, INC., Appellant. — The defendant appeals from a Special Term order granting the plaintiff a preference for a trial for a day certain under the Rules of Civil Practice (rule 151, subd. 3). The preference was predicated upon the fact that the defendant's carrier is now in liquidation. While a broad interpretation of the rule or of the term " [in] the interests of justice " is desirable, it should not be used as a means of assuring the payment of a judgment by a carrier. The Special Term order is reversed, with $20 costs and disbursements to the appellant, and the motion denied on the facts and in the exercise of discretion. Concur — Botein, P. J., M. M. Frank, McNally, Stevens and Bastow, JJ.

■ PLATA AMERICAN TRADING, INC., et al., Respondents, v. KENNETH LANCASHIRE and All Other Underwriters at Lloyd's Subscribing Open Marine Cover C 3640 et al., Respondents, and RANDOLPH W. SLUTER, Doing Business as Chas. Martin & Company, Appellant. — Judgment unanimously affirmed, with costs to the respondents. No opinion. Concur — Botein, P. J., Breitel, Valente, Stevens and Bastow, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN KRITSKY, Appellant. — Judgment unanimously affirmed. No opinion. Concur — Botein, P. J., Breitel, Valente, Stevens and Bastow, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JAMES W. PERRY, Appellant. — Order unanimously affirmed. No opinion. Concur — Botein, P. J., Breitel, Valente, Stevens and Bastow, JJ.

■ HARVEY G. GREENE, Respondent, v. CAVENDISH URANIUM MINES CORP. et al., Appellants, et al., Defendants. — Order unanimously reversed, on the law, and in the exercise of discretion, with $20 costs and disbursements to the appellants, and the motion granted, with $10 costs, with leave, however, to the plaintiff to replead within 20 days after service upon his attorney of a copy of the order entered herein. with notice of entry. It cannot be determined from the allegations of the complaint whether an individual, representative or derivative action is pleaded in either cause of action. In any event, the first cause of action does not state ultimate facts which show that the consideration for the issuance of the stock option was inadequate or nonexistent. The reference to a " pretended " indebtedness is hardly sufficient. The second cause of action, moreover, does not allege any factual basis for the conclusion that the proposed sale of corporate assets is wrongful or a breach of the defendant's fiduciary duties. Merely because the interest of an individual stockholder might thereby be diluted does not necessarily make the action wrongful. Concur — Botein, P. J., Breitel, Valente and Bastow, JJ.